# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| GERARDO CARDONA,<br><br>            Plaintiff,<br><br>v.<br><br>PK MOTORCARS, INC. and CREDIT<br>ACCEPTANCE CORPORATION,<br><br>            Defendants. | Civil Action No. 1:14-cv-14416<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, without waiving any available objections or defenses, defendant Credit Acceptance Corporation ("Credit Acceptance") respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and states as follows:

### BACKGROUND

1.      Plaintiff Gerardo Cardona ("Plaintiff") commenced a civil action against Credit Acceptance and defendant PK Motorcars, Inc. (the "Dealership") in the District Court of Massachusetts, Salem Division, Civil Action No. 1436CV681 (the "State Court Action") by filing a Summons (the "Summons") and Complaint (the "Complaint") on or about August 12, 2014.  True and correct copies of the Summons and Complaint are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

2.      The State Court Action arises out of Plaintiff's purchase of a used 1986 Chevrolet Corvette 2D (the "Vehicle") from the Dealership pursuant to a Retail Installment Contract dated October 1, 2013 (the "Contract").

3.      Upon execution of the Contract, all of the Dealership's right, title, and interest in and to the Contract and the Vehicle were assigned to Credit Acceptance, which indirectly financed Plaintiff's purchase of the Vehicle.

4.      In the Complaint, Plaintiff alleges, *inter alia*, that the Dealership violated the federal Truth in Lending Act ("TILA") by "falsely representing that the price of the [V]ehicle must be increased to $4,000 in order to obtain financing" and by making a "materially false disclosure" regarding the purchase price.  *See* Ex. 2 ¶¶ 32-34 (Count III – Truth in Lending Act).

5.      Plaintiff further seeks to impose liability against Credit Acceptance pursuant to the Federal Trade Commission's Holder Rule, codified at 16 C.F.R. Part 433.  *See* Ex. 2 ¶¶ 41-43 (Count V – Holder Rule).

6.      On or about December 3, 2014, a Notice of Case Management Conference was issued in the State Court Action.  A true and correct copy of the Notice of Case Management Conference is attached hereto as **Exhibit 3.**

<u>**THE NOTICE OF REMOVAL IS TIMELY**</u>

7.      Credit Acceptance first received a copy of the Summons and Complaint when it was served, through its registered agent, on November 25, 2014.

8.      Thus, this Notice of Removal has been filed within thirty (30) after receipt by Credit Acceptance and is therefore timely pursuant to 28 U.S.C. § 1446(b).

<u>**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331**</u>
<u>**AND SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367**</u>

9.      On its face, Plaintiff's Complaint alleges a cause of action under TILA.  Plaintiff also seeks to impose liability against Credit Acceptance pursuant to the federal Holder Rule.

10.      Accordingly, the State Court Action is a civil action "arising under the Constitution, laws, or treaties of the United States," over which this Court has original, federal question jurisdiction.  *See* 28 U.S.C. § 1331; *see also Bussie v. Allmerica Financial Corp.*, 50 F.Supp.2d 59, 68 (D. Mass. 1999) ("[T]his Court has original subject matter jurisdiction over the plaintiffs' allegation that [the defendant] violated the federal Truth in Lending Act . . . in that the

claim involves a federal question.").

11.     Additionally, even the state law claims alleged by Plaintiff in the Complaint present a federal question to the extent that they incorporate allegations regarding any purported disclosure violations as TILA generally preempts state law requirements that are inconsistent with its own provisions.  *See* 15 U.S.C. § 1610(a)(1); *see also Securities Industry Association v. Connolly*, 703 F. Supp. 146, 153 n.12 (D. Mass 1988) (noting that, "under the federal Truth in Lending Act . . . inconsistent state disclosure requirements are preempted by the federal statute"); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 2063, 156 L.Ed.2d 1 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.  This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court.").

12.     The state law claims alleged by Plaintiff in the Complaint are also so related to the TILA claim "that they form part of the same case or controversy under Article III of the United States Constitution," and, therefore, to the extent that those claims do not present a federal question, this Court may still exercise supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367; *see also Bussie*, 50 F.Supp.2d at 68 (finding that Court was "entitled to exercise supplemental jurisdiction over the balance of the Complaint because plaintiff's TILA claim and various state law claims . . . arise from the same alleged 'plan, scheme and common course of conduct'").

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN SATISFIED

13.     Credit Acceptance, upon filing of this Notice of Removal in the Office of the Clerk of the U.S. District Court for the District of Massachusetts, will, as required by 28 U.S.C. §

1446(d), file a copy of the Notice of Removal with the Clerk of the District Court of Massachusetts, Salem Division, and will serve a copy of the same upon all other parties to this action.

14.     True and correct copies of all process, pleadings, and orders served on Credit Acceptance in the State Court Action have been attached hereto as Exhibits 1, 2, and 3.

15.     This Notice of Removal is signed subject to Federal Rule of Civil Procedure 11 and is timely filed pursuant to 28 U.S.C. § 1446.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because the U.S. District Court for the District of Massachusetts, Eastern Division embraces the place where the State Court Action was originally filed and is currently pending.

17.     Pursuant to 28 U.S.C. § 1446(b)(2), defendant PK Motorcars, Inc. – *i.e.*, the Dealership – has consented to the removal of this action.

18.     By filing this Notice of Removal, Credit Acceptance does not waive, but rather expressly reserves, all rights and remedies it may have under the Contract and applicable law, including, but not limited to, its right to demand arbitration.

19.     No previous application has been made for the relief requested herein.

**WHEREFORE**, Credit Acceptance, without waiving any available objections or defenses, respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that (i) the State Court Action be removed from the District Court of Massachusetts, Salem Division, to this Court; (ii) the matter proceed in this Court as a properly removed action; and (iii) Credit Acceptance be granted such other and further relief as this Court may deem just and proper.

Dated: West Hartford, Connecticut
        December 15, 2014

Respectfully submitted,

SEIGER GFELLER LAURIE LLP

By: _____/s/ Robert D. Laurie_____

Robert D. Laurie (BBO# 648456)
Blue Back Square
65 Memorial Road, Suite 340
West Hartford, CT 06107-2434
Tel.: (860) 760-8400
Fax: (860) 760-8401
rlaurie@sgllawgroup.com

*Attorneys for Defendant Credit Acceptance
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that true and complete copies of the foregoing **Notice of Removal**, and all exhibits thereto, were served upon defendant PK Motorcars, Inc. and the attorney of record for each other party by regular mail on December 15, 2014.

_____/s/ Robert D. Laurie_____
Robert D. Laurie (BBO# 648456)