# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SALEM DISTRICT COURT

| | |
|---|---|
| GERARDO CARDONA,<br>Plaintiffs,<br><br>v.<br><br>PK MOTORCARS, INC., AND CREDIT<br>ACCEPTANCE CORP.,<br>Defendants, | NO. |

## COMPLAINT

The Plaintiff, Gerardo Cardona, brings the following action against the Defendant, PK Motorcars, Inc., for inducing him into an unlawful sale of a 1986 Chevrolet Corvette. As a result of the Defendant's conduct, Mr. Cardona has suffered economic loss and emotional distress.

## PARTIES

1. The Plaintiff, Gerardo Cardona, is an individual residing at 1044 Concord Street, Framingham, Massachusetts.

2. The Defendant, PK Motorcars, Inc., is a domestic profit corporation with its principal place of business at 195 Washington Street, Peabody, MA 01960. The Defendant has designated Christiane Fischer at 195 Washington Street, Peabody, MA 01960 as its registered agent.

3. The Defendant, Credit Acceptance Corp. is a foreign corporation with its principal place of business at 25505 W. 12 Mile Road, Southfield, MI 48034. Credit Acceptance Corp. has designated Corporation Service Company at 84 State Street, Boston, MA 02109 as its registered agent for service.

## FACTUAL BACKGROUND

4. The Defendant, PK Motorcars, Inc., has conducted business as a used car dealership for at least three years.

5. On or about September 25, 2013, Mr. Cardona went to the Defendant used car dealership to test drive a 1986 Chevrolet Corvette. Mr. Cardona was required to pay a $400 cash deposit before the test drive.

6. At the test drive, Mr. Cardona noticed several defects, including the horn was inoperable, the turn signals did not work. The Defendant assured Mr. Cardona that any defects with the vehicle would be fixed before delivery.

7. After the test drive, Mr. Cardona told the Defendant he was interested in purchasing the vehicle. At that time, he was quoted a price of $3,500. Mr. Cardona accepted this price.

8. On or about October 1, 2013, Mr. Cardona was induced into financing the vehicle. At that time, the Defendant altered the total price of the vehicle to $4,000. The Defendant falsely represented that the increase price was necessary to ensure financing.

9. At the time of purchase, Mr. Cardona was required to sign a document entitled "Retail Installment Contract". The Retail Installment Contract stated the Creditor-Seller of the vehicle was PK Motorcars, Inc. At no relevant time was the Defendant properly licensed as a motor vehicle sales finance company.

10. The financing terms required Mr. Cardona pay 20.98% interest on the loan.

11. The Retail Installment Contract stated that the Defendant would have the vehicle inspected by Highland Auto. Mr. Cardona requested that he be allowed to have the vehicle inspected himself. However, the Defendant insisted on inspecting the vehicle despite Mr. Cardona's protest.

12. Mr. Cardona was later provided a Vehicle Inspection Report purportedly conducted by Broadway Gas & Service, Inc. at 356 Broadway, Everett, Massachusetts. The inspection report states the vehicle passed the safety inspection. Upon information and belief, Broadway Gas & Service, Inc. did not, in fact, perform any inspection on the vehicle.

13. At the time of purchase, Mr. Cardona was induced to sign a document entitled "Right of Repossession". The document required Mr. Cardona to unlawfully sign away his common law rights to conversion of his personal property and his statu-

tory rights of wrongful repossession under the Massachusetts Retail Installment Sales Act, Uniform Commercial Code and Attorney General Regulations.

14. Furthermore, the Odometer Disclosure Statement provided at the time of sale stated the mileage of the vehicle was 158,748 miles. The Vehicle Inspection Report states the mileage was 159,201 miles. Mr. Cardona did not give any authorization for the Defendant's unlawful use of the vehicle.

15. Each of the above mentioned signed documents were dated September 25, 2013 although they were actually signed on or about October 1, 2013.

16. The vehicle was not delivered to Mr. Cardona until October 4, 2013.

17. On or about October 5, 2013, the vehicle was unable to start. Over the course of October, Mr. Cardona experienced problems with the vehicle's heater, horn, engine bucking and seals breaking. Mr. Cardona returned the vehicle to the Defendant multiple times for repairs. Each time the Defendant refused to provide any written records of the repairs upon request.

18. Eventually, near the end of October, 2013, the Defendant only offered to repair the vehicle if Mr. Cardona offered to pay for the parts. Ultimately, the Defendant refused to repair the vehicle altogether.

19. On or about November 9, 2013, as Mr. Cardona was attempting to take the vehicle to an independent mechanic for repairs, the vehicle completely broke down and has not functioned since.

20. As a result of the Defendant's conduct, Mr. Cardona has been deprived of the benefit of his bargain, was deceived into purchasing a vehicle worth far less than the amount he paid and whose resale value is greatly diminished, has been unable to recover the funds paid for the car, has overpaid and will continue to overpay for insurance and taxes, has experienced and will continue to experience problems with the vehicle due to the undisclosed defects and lose the use and full value of the vehicle, has an increased likelihood of incurring expensive repairs, and has been greatly shocked and angered by the Defendant's conduct and the resulting damages he sustained, and has sustained other incidental and consequential damages.

## COUNT I
## FRAUD

21. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

22. The Defendant misrepresented the vehicle was safe to drive. The Defendant further misrepresented that all necessary repairs would be performed prior to delivery. The Defendant further misrepresented that price of the vehicle had to be $4,000 to ensure financing.

23. The Defendant knew or should have known these representations were false.

24. The purpose of the misrepresentations were to induce Mr. Cardona into purchasing the vehicle, and to avoid providing Mr. Cardona a refund under the law.

25. The Defendant attempted to conceal its misrepresentations by refusing to produce any evidence of the repairs performed and performing the vehicle inspection over Mr. Cardona's protest, while concealing which inspection station actually performed the inspection.

26. As a result of the Defendant's conduct, Mr. Cardona suffered the above-described economic and emotional damages.

## COUNT II
## UNIFORM COMMERCIAL CODE

27. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

28. By selling an unsafe and inoperable vehicle to Mr. Cardona, the Defendant has breached the implied warranty of merchantability under G.L. ch. 106, § 2-314.

29. Despite being given an opportunity to cure, the Defendant refused to make the necessary repairs to fix the defects.

30. At some time between November 9, 2013 and February 14, 2014, Mr. Cardona orally revoked acceptance of the vehicle.

31. On or about February 14, 2014, Mr. Cardona, by counsel, revoked acceptance in writing.

## COUNT III
## TRUTH IN LENDING ACT

32. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

33. By falsely representing that the price of the vehicle must be increased to $4,000 in order to obtain financing, the Defendant violated 15 U.S.C. Part B.

34. By inducing Mr. Cardona into signing a Retail Installment Contract with a false price, Defendant made a materially false disclosure, violating 15 U.S.C. Part B.

## COUNT IV
## UNFAIR OR DECEPTIVE ACTS OR PRACTICES

35. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

36. As a used car dealer, the Defendant knew or should have known the regulations applicable to the sale and repair of motor vehicles in the Commonwealth.

37. The Defendant knowingly and willfully engaged in unfair or deceptive acts or practices through the following conduct:

   a. By failing to acknowledge and honor Mr. Cardona's revocation of acceptance of the vehicle, the Defendant violated 940 C.M.R. 5.04(14), which has been deemed an unfair or deceptive act or practice.

   b. By failing to disclose the defects with the vehicle and misrepresenting the price of the vehicle, the Defendant deceived Mr. Cardona in violation of 940 C.M.R. § 3.05(1), which has been deemed an unfair or deceptive act or practice.

   c. By falsely representing the completion, effectiveness, and safety of repairs on the vehicle, the Defendant violated 940 C.M.R. § 5.05(1), which has been deemed an unfair or deceptive act or practice.

   d. By refusing to provide documentation of the repairs performed upon demand, Defendant violated 940 C.M.R. § 5.05(9), which has been deemed an unfair or deceptive act or practice.

e. By increasing the price vehicle after Mr. Cardona accepted, the Defendant violated 940 C.M.R. § 5.04(10), which has been deemed an unfair or deceptive act or practice.

f. By inducing Mr. Cardona to sign the Right of Repossession, the Defendant engaged in an oppressive and otherwise unconscionable act in violation of 940 C.M.R. 3.16(1), which has been deemed an unfair or deceptive act or practice.

g. By inducing Mr. Cardona to accepting a loan with interest in the amount of 20.98%, the Defendant created a usurious loan in violation of G.L. ch. 271, § 49, which is an oppressive and otherwise unconscionable act in violation of 940 C.M.R. 3.16(1), which has been deemed an unfair or deceptive act or practice.

h. By violating the federal Truth in Lending Act, the Defendant violated 940 C.M.R. 3.16(4), which has been deemed an unfair or deceptive act or practice.

i. By financing the purchase of the vehicle without a license as a motor vehicle sales finance company, the Defendant committed an unfair or deceptive act or practice.

38. On or about February 14, 2014, Mr. Cardona, by counsel, served a demand letter to the Defendant, pursuant to G.L. ch. 93A, § 9.

39. On or about May 20, 2014, Mr. Cardona, by counsel, served a subsequent demand letter to the Defendant, pursuant to G.L. ch. 93A, § 9.

40. The Defendant has failed to make any reasonable offer of settlement.

## COUNT V
## HOLDER RULE

41. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

42. At some time after the sale of the vehicle, Credit Acceptance Corp. was assigned the Retail Installment Contract from the Defendant, PK Motorcars, Inc.

43. Pursuant to 16 C.F.R. Part 433, Credit Acceptance Corp. is liable for any claims against the Defendant, PK Motorcars, Inc.

WHEREFORE, the Plaintiff prays for the following relief:

A. Judgment be entered for the Plaintiff in the amount that would fairly and adequately compensate the Plaintiff for his economic loss and emotional distress;

B. Order the rescission of the purchase of the vehicle and require the Defendant return all funds paid in connection with the purchase, deny any allowances for Plaintiff's use of the car, and award such incidental and consequential damages as the evidence shall sustain;

C. Award statutory damages in the amount of $1,433.90, pursuant to 15 U.S.C. § 1640;

D. Award three times the Plaintiff's actual damages for the fraudulent sale of personal property, pursuant to G.L. ch. 231, § 85J;

E. Award double or treble the Plaintiff's actual damages pursuant to G.L. ch. 93A, § 9;

F. Award the Plaintiff the costs and disbursements of this action, and reasonable attorney fees, and such other relief as this court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all appropriate issues.

Dated: 8/12/2014

Respectfully Submitted,
By Counsel,

Thomas Beauvais, Esq.
BBO# 679996
PO Box 761235
Melrose, MA 02176
(781) 462-1669
thomas@beauvaislegal.com

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.:<br>Division: Salem District Court | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

| Plaintiff(s)<br>Gerardo Cardona | Defendant(s)<br>PK Motorcars, Inc. and Credit Acceptance Corp. |
|---|---|

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

A. Documented medical expenses to date:
   1. Total hospital expenses: ................................................. $_____
   2. Total doctor expenses: ................................................... $_____
   3. Total chiropractic expenses: ........................................... $_____
   4. Total physical therapy expenses: .................................... $_____
   5. Total other expenses (Describe): _____ $_____

B. **SUBTOTAL for lines 1-5 above:** $_____
C. Documented lost wages and compensation to date: .................. $_____
D. Documented property damages to date: ................................... $_____
E. Reasonable anticipated future medical and hospital expenses: ... $_____
F. Reasonably anticipated lost wages: ........................................... $_____
G. Other documented items of damage (Describe): _____ $_____

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $_____

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): _____

Provide a detailed description of claim(s): unlawful conduct constituting fraud, breach of the UCC, violation of TILA, and violation of 93A   $8,049.85
$_____
$_____

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** $8,049.85

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: _____
Type Name: Thomas Beauvais
Address: PO Box 761235, Melrose, MA 02176
Phone: 781-462-1669
B.B.O.#: 679996
Date: 8/12/2014

DEFENDANT'S NAME AND ADDRESS & PHONE:
PK Motorcars, Inc.
195 Washington Street
Peabody, MA 01960